**Laurie L. ROMAN–NOSE, Plaintiff–Appellant,**

v.

**NEW MEXICO DEPARTMENT OF HUMAN SERVICES, Defendant–Appellee.**

No. 92–6004.

United States Court of Appeals, Tenth Circuit.

June 19, 1992.

**436**

Laurie L. Roman–Nose, pro se.

Richard A. Griscom, General Counsel, and Diane Garrity, Asst. General Counsel, Dept. of Human Services, Santa Fe, N.M., for defendant-appellee.

Before SEYMOUR, ANDERSON and BALDOCK, Circuit Judges.*

BALDOCK, Circuit Judge.

Plaintiff-appellant Laurie L. Roman–Nose filed a pro se action in federal district court for the Western District of Oklahoma challenging the termination of her parental rights by the State of New Mexico over her natural born daughter Jean Anna Roman–Nose. Her initial pleading, titled "Petition for Writ of Habeas Corpus," alleged that Plaintiff was Jean's mother and was entitled to physical custody because the termination of her parental rights was illegal. Specifically, Plaintiff alleged that several persons involved in the state termination proceeding, including her attorneys, the attorney ad litem who was appointed for the minor, the attorneys representing the state, the state district and appellate court judges, and the state Department of Human Services as well as several of its employees, breached various disclosed and undisclosed duties in terminating Plaintiff's parental rights; that the state proceeding was fraudulent; that the state court failed to acknowledge and uphold the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A; that the state proceeding violated the Indian Child Welfare Act, 25 U.S.C. §§ 1901–1963; that the state proceeding violated the International Covenant on Civil and Political Rights; and general allegations that the proceedings were unfair. Complaint, I.R. doc. 2. The district court dismissed Plaintiff's action under Fed. R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and our review is de novo. *Williams v. United States*, 957 F.2d 742, 743 (10th Cir.1992).

■ A state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of a habeas corpus petition. *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 516, 102 S.Ct. 3231, 3240, 73 L.Ed.2d 928 (1982). A child placed in a foster home does not meet the "in custody" requirement of 28 U.S.C. § 2254. *Id.* at 508–11, 102 S.Ct. at 3235–37. The *Lehman* Court reasoned that "federal habeas has never been available to challenge parental rights or child custody," *id.* at 511, 102 S.Ct. at 3237 (footnote omitted), and "[f]ederalism concerns and the exceptional need for finality in child custody disputes" militated against the "unprecedented expansion of the jurisdiction of the lower federal courts." *Id.* at 512, 102 S.Ct. at 3238. In the present case, the district court relied upon *Lehman* in dismissing Plaintiff's action.

■ While Plaintiff's initial pleading was entitled "Petition for Writ of Habeas Cor-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument.

pus," her pro se pleadings must be liberally construed. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam); *Herrera v. Harkins,* 949 F.2d 1096, 1097 (10th Cir.1991). The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court. *See Olson v. Hart,* 965 F.2d 940, 942 (10th Cir.1992). In *Olson,* the petitioner sought a writ of mandamus in federal district court directing a state judge to sign a journal entry which would permit the petitioner to appeal his state court conviction. The federal district court dismissed the petition sua sponte. On appeal, we recognized that "[f]ederal courts have no authority to issue a writ of mandamus to a state judge." *Id.* (citing *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 n. 5 (10th Cir.1986)). Nevertheless, we held that "[u]nder the facts alleged by the appellant, one could characterize the complaint as either a request for habeas corpus relief or an action arising under 42 U.S.C. § 1983," notwithstanding that the appellant's complaint was titled "Petition for Order of Mandamus." *Id.* We vacated the district court's dismissal, holding that under the facts alleged in the complaint, the appellant had presented an arguable claim for relief. *Id.* at 942, 943. *See also Wilwording v. Swenson,* 404 U.S. 249, 251, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971) (per curiam) (pro se habeas petitioners were entitled to have their actions treated as § 1983 claims and avoid exhaustion requirement).

In the present case, Plaintiff's complaint asserted several grounds challenging the state court proceeding which terminated her parental rights. Most of these grounds are no more availing than her claim for habeas relief. For example, to the extent that Plaintiff's allegations can be construed as seeking redress for constitutional infirmities in the proceeding under 42 U.S.C. § 1983, such an action cannot be maintained in federal court. *See Anderson v. Colorado,* 793 F.2d 262, 263 (10th Cir.1986) (district court lacks subject matter jurisdiction over § 1983 action challenging custody determination by state court). Similarly, Plaintiff has no federal cause of action under the Federal Parental Kidnapping Act, 28 U.S.C. § 1738A. *See Thompson v. Thompson,* 484 U.S. 174, 187, 108 S.Ct. 513, 520, 98 L.Ed.2d 512 (1988). Nor do we know of any manner by which Plaintiff can obtain relief from state actions which violate international treaties.

However, Plaintiff also alleged that the state proceeding violated the Indian Child Welfare Act, 25 U.S.C. §§ 1901–1934, and under this federal statute, Plaintiff has stated a basis for federal subject matter jurisdiction. The Act provides in relevant part that

> any parent ... from whose custody [an Indian] child was removed, ... may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title.

25 U.S.C. § 1914 (emphasis added). To the extent that Plaintiff alleges a violation of section 1911, 1912 or 1913 of title 25, the federal district court has subject matter jurisdiction. *See* 28 U.S.C. § 1331.

Section 1911 grants the Indian tribe jurisdiction over Indian child custody proceedings. If the Indian child resides or is domiciled within the reservation, the Indian tribe has exclusive jurisdiction over a child custody proceeding. *Id.* § 1911(a). If the Indian child is not domiciled or residing within the reservation, a state court must transfer the custody proceeding to the jurisdiction of the tribe upon petition by either parent absent good cause to the contrary or unless the tribal court declines to exercise jurisdiction. *Id.* § 1911(b). State courts must give full faith and credit to tribal court actions in custody proceedings. *Id.* § 1911(d). In state court custody proceedings involving Indian children, the parent must be given notice of the action and is entitled to appointment of counsel and to examine all reports or other documents filed with the court which the state court decision may be based. *Id.* § 1912(a–c). The party seeking to terminate a parent's rights over an Indian child must "satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful." *Id.* § 1912(d). In order to terminate paren-

tal rights over an Indian child, the court must make a "determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent ... is likely to result in serious emotional or physical damage to the child." *Id.* § 1912(f).

We cannot tell from the pleadings whether Plaintiff can state a claim that the state court action which terminated her parental rights violated §§ 1911 or 1912[1] thereby permitting her to petition the court to invalidate the state court action pursuant to § 1914. Thus, Plaintiff's action would be subject to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (plaintiff has burden of alleging sufficient facts underlying legal claim). Moreover, because Plaintiff named a state agency as the sole defendant, her action, as presently pled, may be barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978) (per curiam) (suit against state agency is barred by Eleventh Amendment unless state consented to filing of suit). However, because Plaintiff is proceeding pro se, dismissal at this juncture is premature; Plaintiff should be given the opportunity to amend her complaint. *See* Fed.R.Civ.P. 15(a) ("leave [to amend pleading] shall be freely given when justice so requires"). *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Worley v. Sharp*, 724

F.2d 862, 863 (10th Cir.1983) (per curiam). Notwithstanding other defenses that may be available to Defendant,[2] we hold only that the district court has subject matter jurisdiction under the Indian Child Welfare Act.

The district court order dismissing Plaintiff's action for lack of subject matter jurisdiction is REVERSED and the case is REMANDED for proceedings consistent with this opinion.

---

1. Section 1913 addresses voluntary termination of parental rights over Indian children and is therefore not applicable.

2. In addition to the Rule 12(b)(6) and Eleventh Amendment defenses, we question whether the federal district court for the Western District of Oklahoma would have personal jurisdiction over New Mexico state officials and whether the Western District of Oklahoma is the proper venue for this action. Because these issues are not before us, we express no opinion on whether Plaintiff's action could survive a timely filed motion to dismiss under Fed.R.Civ.P. 12(b)(2) or 12(b)(3) other than to note that these defenses may be waived. Fed.R.Civ.P. 12(h).

Additionally, we recognize that the New Mexico state court purported to apply the Indian Child Welfare Act when it terminated Plaintiff's pa-

rental rights. *See Matter of Laurie R.*, 107 N.M. 529, 760 P.2d 1295, 1299, 1301 (App.1988). We have held that a state court determination that the Indian Child Welfare Act is not applicable in a particular custody proceeding is res judicata in a subsequent proceeding to invalidate the state action under 25 U.S.C. § 1914. *See Kiowa Tribe v. Lewis*, 777 F.2d 587, 592 (10th Cir.1985), cert. denied, 479 U.S. 872, 107 S.Ct. 247, 93 L.Ed.2d 171 (1986). *See also Kickapoo Tribe v. Rader*, 822 F.2d 1493, 1501 (10th Cir.1987). Here, however, the state court determined that the Indian Child Welfare Act was applicable, *see Laurie R.*, 760 P.2d at 1301, and we express no opinion as to whether 28 U.S.C. § 1738, which requires federal courts to give full faith and credit to state judicial proceedings, precludes Plaintiff from litigating whether the state proceeding complied with the Indian Child Welfare Act.