991 F.2d 806
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Laurie L. ROMAN NOSE, Plaintiff-Appellant,
v.
NEW MEXICO DEPARTMENT OF HUMAN RESOURCES, Defendant-Appellee.
 No. 92-6314.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1993.
 
 Before SEYMOUR, ANDERSON and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case is before us a second time challenging the district court's dismissal of the plaintiff/appellant's complaint. In the first appeal we held that the appellant's complaint failed to state a federal cause of action for habeas corpus relief, civil rights violations pursuant to 42 U.S.C. § 1983, violation of the Federal Parental Kidnapping Act, 28 U.S.C. § 1738A, violation of international treaties, and other stated causes of action. Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d 435 (10th Cir.1992). We held, however, that "the district court has subject matter jurisdiction under the Indian Child Welfare Act." Id. at 438.
 
 
 3
 We remanded the case to allow the appellant an "opportunity to amend her complaint," id., because:
 
 
 4
 We cannot tell from the pleadings whether Plaintiff can state a claim that the state court action which terminated her parental rights violated §§ 1911 or 1912 thereby permitting her to petition the court to invalidate the state court action pursuant to § 1914. Thus, Plaintiff's action would be subject to a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) (plaintiff has burden of alleging sufficient facts underlying legal claim).
 
 
 5
 Id. at 438 (footnote omitted). We also questioned whether the Western District of Oklahoma is the proper venue for this action.
 
 
 6
 On remand the appellant moved to have the action transferred to Montana, acknowledging "improper venue" in the district court for the Western District of Oklahoma. R. Vol. I, Tab 26. She renewed that motion twelve days later, adding a motion to dismiss. Id. Tab 31. On August 5, 1992, the court granted appellant's motion to dismiss "without prejudice to plaintiff proceeding in another forum." Id. Tab 33 at 2. The court noted in its order that the appellant "has informed a clerk of this Court that [she] has no objection to said dismissal." Id.
 
 
 7
 A week later, on August 13, 1992, the appellant filed a motion for leave to amend her complaint, adding parties, and repeating causes of action which were foreclosed on appellant's first appeal, but failing to add any relevant information or claim relating to a cause of action under the Indian Child Welfare Act. Id. Tab 34. She simultaneously filed yet another motion to dismiss or transfer, on the grounds of improper venue in the district court or forum non conveniens. Id. Tab 35. Her affidavits submitted in support of these motions suggest pretty clearly that what appellant wanted "dismissed" were the state court decrees. Id. Tabs 32, 36.
 
 
 8
 In an order dated August 17, 1992, the court "affirmed" its prior dismissal of the case, and struck appellant's motion to amend and related pleadings. Id. Tab 40. However the court's order may be characterized, whether as a denial of a motion to amend due to failure to comply with prior court-ordered deadlines for amendment, or denial of a motion treated as a motion under Fed.R.Civ.P. 59 or 60, or otherwise, the appellant's understanding was that the August 5 order of dismissal was the terminating document. Thus, on August 19, 1992, the appellant sought relief under Fed.R.Civ.P. 60(b)(1), asking again for a transfer of venue to Montana. Id. Tab 41. The court denied the motion five days later, stating that it:
 
 
 9
 will again affirm its dismissal of the above-captioned case for the reason of admitted improper venue, and will exercise its discretion under 28 U.S.C. § 1406(a) and decline to transfer this dismissed case to the United States District Court for the District of Montana on the grounds that Montana would not be able to obtain personal jurisdiction over the New Mexico Defendant or any additional New Mexico Defendants, and that venue in Montana would be improper.
 
 
 10
 Id. Tab 42 at 3. It is from this latter order that this appeal has been taken.
 
 
 11
 In her brief on appeal, the appellant once again rehashes arguments foreclosed by our prior decision, and raises other matters not raised in her complaint or proffered amended complaint. What she does not do is directly address whether the district court abused its discretion by dismissing the complaint, without prejudice, on the grounds of improper venue, and by declining to transfer the case to Montana.
 
 
 12
 We elect to affirm the district court, finding no abuse of discretion, for if we did not we would be inclined to remand this case to the district court with instructions to dismiss for failure to state a claim under the Indian Child Welfare Act. We stated in our prior decision (when we had before us an appeal from a dismissal under Fed.R.Civ.P. 12) that the complaint did not provide enough information to state a claim under that Act, and we remanded to give the appellant an opportunity to amend so as to state a claim if possible. She did not do so, and there would be no reason under the circumstances why this action should not be dismissed with prejudice.[1]
 
 
 13
 For the reasons stated, we AFFIRM the district court's dismissal without prejudice, on grounds of improper venue, and refusal, for the same reason, to transfer the action to the federal district court for the district of Montana. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In this connection, it appears upon reexamination of the state court opinion, Matter of Laurie R., 107 N.M. 529, 533 (1988), that the tribal court declined jurisdiction, and there was evidence that the parent-child relationship had disintegrated. Id. at 532, n. 1. Furthermore, appellant, who was represented by counsel, raised only the issue of transfer to the tribal courts under the Act. No other complaint of noncompliance with the Act was raised