996 F.2d 310
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Preston G. DEES, Plaintiff-Appellant,
v.
Cornelis G. VENDEL, Richard O'Bryant, Mark E. Johnson, Steve
Brown, Frank Gable, Marshall Tatum, Bruce Holt, Richard M.
Smith, Stephen D. Hill, James L. Whistler, John S.
Sutherland Robert H. Young, individually and in their
official capacities, Defendants-Appellees.
 No. 92-3323.
 United States Court of Appeals, Tenth Circuit.
 May 28, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's dismissal of his claims pursuant to Fed.R.Civ.P. 12(b)(6), the court's denial of his request to amend his complaint, and the court's alternative dismissal of his claims under 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 Plaintiff, appearing pro se, filed this action in district court pursuant to 42 U.S.C. §§ 1983 and 1985, alleging a violation of his rights under the Fifth and Fourteenth Amendments of the United States Constitution.[1] In his complaint, Plaintiff, without alleging any facts, asserted that he was arrested while hunting in Linn County, Kansas, and subsequently illegally incarcerated in the Linn County Jail for failure to produce a valid drivers license. Each Defendant moved to dismiss. Plaintiff responded to each motion, but failed to set forth a more specific statement of allegations against any Defendant. Instead, Plaintiff asked that the district court point out any deficiencies in his complaint and allow him leave to amend his complaint to correct such deficiencies.
 
 
 3
 The district court granted Defendants' motions to dismiss, concluding that Plaintiff failed to state a claim upon which relief could be granted, Fed.R.Civ.P. 12(b)(6), and, alternatively, that Plaintiff's claims were frivolous, 28 U.S.C. § 1915(d). The court denied Plaintiff's request for leave to amend his complaint stating, "[i]n light of [P]laintiff's pro se status, however, the court will dismiss the instant claims without prejudice."
 
 
 4
 "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). This broad reading of a pro se plaintiff's complaint does not, however, relieve him of the burden of alleging sufficient facts on which a cognizable claim could be based. Id. Even so, a pro se plaintiff who fails to allege sufficient facts is to be given a reasonable opportunity to amend his complaint if justice so requires. See Roman-Nose v. New Mexico Dept. of Human Services, 967 F.2d 435, 438 (10th Cir.1992) (citing Fed.R.Civ.P. 15(a), "leave [to amend pleading] shall be freely given when justice so requires"). We review a district court's denial of a motion to amend for abuse of discretion. Ketchum v. Cruz, 961 F.2d 916, 920 (10th Cir.1992).
 
 
 5
 Although we agree with the district court that Plaintiff's complaint is fatally deficient for failure to allege sufficient facts to support a claim for relief[2], we believe that dismissal of Plaintiff's claim at this juncture is premature. The district court gave no explanation for refusing Plaintiff's request to amend. In light of Plaintiff's pro se status, and in light of Fed.R.Civ.P. 15(a)'s requirement that leave to amend be "freely given," we hold that the court's refusal to grant Plaintiff leave to amend was an abuse of discretion. See Foman v. Davis, 371 U.S. 178, 182 (1962) (refusal to grant leave to amend without justifying reason is abuse of discretion and inconsistent with spirit of Federal Rules). We also note that the district court dismissed Plaintiff's complaint without prejudice; however, given the applicable two-year statute of limitations, see Garcia v. University of Kansas, 702 F.2d 849, 850-51 (10th Cir.1983) (two-year statute of limitations in §§ 1983 and 1985 claims arising in Kansas), Plaintiff's complaint would probably now be barred. As a result, we hold that justice requires that the district court allow Plaintiff an opportunity to amend his complaint, if possible, to include a recounting of the facts surrounding his alleged injury, and the personal involvement of each Defendant in the alleged constitutional deprivations.[3]
 
 
 6
 The district court's order dismissing Plaintiff's claims against Defendant Vendel is AFFIRMED. In all other respects, the district court's order is REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendant Vendel is a federal agent; therefore, we presume Plaintiff is asserting his constitutional claims against this defendant under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). Nevertheless, the court dismissed Plaintiff's claims against Defendant Vendel for improper service of process, Fed.R.Civ.P. 4(d)(4), or alternatively, under § 1915(d). Because Plaintiff does not challenge this on appeal, the court's dismissal of Plaintiff's claims against Defendant Vendel stands
 
 
 [2]
 We do not agree, however, with the district court's alternative dismissal of Plaintiff's claims as frivolous under § 1915(d). Though Plaintiff's claims may eventually be determined to be clearly baseless or based on a meritless legal theory, see Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Plaintiff has failed to allege enough facts for such a determination to be made at this time
 
 
 [3]
 Plaintiff's fourth request for extension of time to file a reply brief is denied