74 F.3d 1248
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerold G. CAUTHON, Plaintiff-Appellant,
v.
Simmons, Michael A. NELSON, Defendants-Appellees.
 No. 95-3022.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 EBEL, Judge
 
 1
 Petitioner, a prisoner in the El Dorado Correctional Facility in Kansas, appeals the denial of his petition for a writ of mandamus sought under 28 U.S.C. 1361 and 1651. Petitioner seeks relief from state prison regulations which limit the number of photocopies inmates can make in connection with their legal proceedings, claiming that the regulations deny him his constitutional right of access to courts. The district court denied Petitioner's request on the grounds that courts have no jurisdiction under Section 1361 to compel action by state officials. We affirm.[2]
 
 
 2
 Section 1361 grants the district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." On appeal, we consider de novo whether Petitioner established the legal prerequisites for mandamus relief. Azurin v. Von Raab, 803 F.2d 993, 995 (9th Cir.1986), cert. denied, 483 U.S. 1021 (1987).
 
 
 3
 In the present case, Petitioner asked the district court to declare unconstitutional a Kansas Department of Corrections regulation limiting the number of pages that inmates can photocopy for legal purposes, thereby preventing Respondents--officials of the state corrections department--from enforcing the regulation.[3] See Bounds v. Smith, 430 U.S. 817, 825-28 (1977) (recognizing that a prisoner's constitutional right of access to courts requires that prisons provide adequate law libraries). The district court correctly concluded that it lacked jurisdiction to consider Petitioner's request because Section 1361 grants relief only against federal officials.[4]
 
 
 4
 On appeal, Petitioner also argues that the district court failed to consider his mandamus request under 28 U.S.C. 1651(a) and Fed. R. Civ. Pro. 81(b). However, we must deny Petitioner mandamus relief under both of these provisions as well. Section 1651(a)--which authorizes federal courts to issue "all writs necessary and appropriate in aid of their respective jurisdiction"--does not provide an independent grant of jurisdiction, but rather the action sought to be corrected by mandamus must be within the court's statutorily defined subject-matter jurisdiction. See Commercial Security Bank v. Walker Bank & Trust Co., 456 F.2d 1352, 1355 (10th Cir.1972) (holding that "Section 1651(a) does not operate to confer jurisdiction; ancillary jurisdiction is provided where jurisdiction is otherwise already lodged in the court" (footnotes omitted)); Baker Perkins, Inc. v. Werner & Pfleiderer Corp., 710 F.2d 1561 (Fed.Cir.1983). Because the district court lacked jurisdiction to issue a mandamus writ pursuant to Section 1361, it also lacked any jurisdiction to issue a writ pursuant to Section 1651 because the court had no other grounds upon which it could maintain jurisdiction over Petitioner's Section 1651 request.
 
 
 5
 Finally, Petitioner cannot invoke Rule 81(b) as a means of obtaining jurisdiction to seek mandamus relief. That rule provides that "[t]he writs of scire facias and mandamus are abolished. Relief heretofore available by mandamus or scire facias may be obtained by appropriate action or by appropriate motion under the practice prescribed in these rules." Because Petitioner's relief must fail under Sections 1361 and 1651, his request must be denied.
 
 
 6
 Accordingly, we AFFIRM the district court's denial of a writ of mandamus. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 Petitioner describes Respondent Simmons as the Kansas Secretary of Corrections. The record and order below fail to describe Nelson's position, although we presume from the district court order that Nelson is also a state official
 
 
 [4]
 Instead of seeking a writ of mandamus against state officials, Petitioner should have brought an action in federal court pursuant to 42 U.S.C.1983 alleging deprivation of federal constitutional rights, or should have sought a writ of mandamus against Respondents in state court