81 F.3d 172
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jerold G. CAUTHON, Petitioner-Appellant,
v.
Joan FINNEY; Bud Burkes, Kansas State House Leader; Bob
Miller, Kansas House of Representatives; Director, Kansas
Sentencing Commission; Charles Simmons, Secretary of
Corrections; and Micah Ross, Kansas Parole Board Director,
Respondents-Appellees.
 No. 95-3301.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1996.
 
 Before BRORBY, EBEL, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Appellant Jerold C. Cauthon appeals the district court's dismissal of this action, which Appellant characterizes as a petition for a writ of mandamus, but which the district court construed as a petition for a writ of habeas corpus and dismissed for failure to exhaust state remedies. On appeal, Appellant argues that the district court mischaracterized his claim as a habeas corpus action and requests that we order the district court construe this action as a claim for mandamus relief. Appellant also claims that he exhausted his remedies before the Kansas state courts. For the reasons stated below, we agree with Appellant that he did exhaust his remedies in the state courts and accordingly REMAND.[2]
 
 I.
 
 2
 Appellant currently is incarcerated as a result of a parole violation. He asserts that he should be entitled to release under the Kansas Sentencing Guidelines Act, K.S.A. 21-4701 et. seq., which he claims would have set his sentence for a parole violation to a maximum of ninety days, rather than the multiple-year term which he currently is serving. In his complaint, Appellant challenges the limited retroactivity provision of the Guidelines, K.S.A. 21-4724(b)(1), claiming that the effect of the provision is that the Guidelines are being retroactively applied to some inmates and not to him in violation of his rights to due process and equal protection.
 
 
 3
 Appellant styled this action before the district court as a petition for a writ of mandamus, asserting jurisdiction under 28 U.S.C. 1361, 1651 and Fed. R. Civ. Pro. 81(b). Because Appellant is challenging the duration of his confinement, the district court construed Appellant's claim as a request for habeas corpus relief, and ordered that Appellant show cause why his complaint should not be dismissed for failing to exhaust state remedies. In response, Appellant argued that he was challenging the constitutionality of the Guidelines rather than seeking a change in the duration of his confinement. He also argued that he had presented this claim before the Kansas state courts, which had denied him any relief. The district court replied that it could not construe Appellant's claim as a request for mandamus relief because federal courts lack jurisdiction to compel state officials to act. The court also concluded that Appellant had not exhausted his state remedies because he failed to bring his claim under either of two state statutory provisions applicable to inmates seeking release from a sentence.[3]
 
 II.
 
 4
 We agree that the district court properly characterized Appellant's claim as a petition for habeas corpus relief. Appellant seeks mandamus relief against state officials under 28 U.S.C. 1361 and 1651, as well as Rule 81(b). As we concluded just two months ago in considering a different mandamus claim Appellant brought against a state official under these same provisions, these provisions do not provide federal district courts jurisdiction to grant mandamus relief against state officials. See Cauthon v. Nelson, No. 95-3022, 1996 WL 3919 (10th Cir. Jan. 4, 1996). At the same time, we construe pro se complaints liberally. Roman-Nose v. New Mexico Department of Human Services, 967 F.2d 435, 436-37 (10th Cir.1992). Accordingly, the characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court. Id. at 437. Although Appellant is challenging the constitutionality of a statutory provision, in fact he is seeking to change the duration of his confinement, thereby triggering habeas corpus relief. See Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir.1993); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). The district court therefore correctly characterized his claim as a request for habeas corpus relief.
 
 
 5
 However, we disagree with the district court that Appellant has not exhausted his state remedies. The record reveals that Appellant challenged the constitutionality of the relevant Guidelines provision in the Supreme Court of Kansas, which summarily denied his claim. See Cauthon v. Finney, No. 94-72652-S (Kan. Nov. 8, 1994). The district court did not consider Appellant's claim exhausted, however, because the claim before the state court was a petition for a writ of mandamus and quo warranto. The district court held that "the more proper procedure for seeking release on parole under the retroactivity provision of the [Guidelines] would be a petition under K.S.A. 60-1501 [habeas corpus] or 60-1507 [motion to attack sentence] filed initially in state district court." Yet, Kansas courts will convert mislabeled motions into Section 60-1507 actions in the interest of judicial economy. See, for example, State v. Randall, 894 P.2d 196, 199-200 (Kan.1995) (holding that when the district court technically lacks jurisdiction under the plaintiff's characterization of his motion, the court may convert the motion into a Section 60-1507 motion when the inmate's substantive contention raises purely a question of law); State v. Bradley, 787 P.2d 705, 708 (1990) (converting on appeal an untimely motion for new trial based on newly discovered evidence under K.S.A. 22-3501 into a Section 60-1507 motion).
 
 
 6
 Furthermore, we are not convinced that Petitioner's claim necessarily was mislabeled before the state courts. Earlier in 1994, the Kansas Supreme Court considered a similar inmate claim challenging the constitutionality of Section 21-4724(b)(1), which was brought as a petition for writ of mandamus and quo warranto. Chiles v. State, 869 P.2d 707 (Kan.), cert. denied, 115 S.Ct. 149 (1994). The supreme court, however, did not address any jurisdictional defect in the manner by which the defendant brought his claim, and rejected the claim on the merits only. Considering Chiles, and the Kansas courts' willingness to convert incorrectly mislabeled pro se complaints into Section 60-1507 actions, we believe that the state supreme court likely denied Appellant relief on the merits, rather than based on his failure to file his claim under Sections 60-1501 or 60-1507.[4] Accordingly, we conclude that Appellant exhausted his state remedies.
 
 III.
 
 7
 For the foregoing reasons, we REMAND the decision of the district court dismissing Appellant's claim for failure to exhaust state remedies. Because we conclude that Appellant did exhaust his state remedies, the district court on remand should consider the merits of Appellant's habeas claim. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 We grant Appellant's motion to proceed in forma pauperis and now address the merits
 
 
 [4]
 Although the petitioner in Chiles was not being held on a parole violation as Appellant is, we do not believe that this distinction would have affected the Kansas supreme court's willingness to consider a challenge to the retroactivity provision brought as a petition for mandamus