**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RENNARD E. NELSON,

      Petitioner-Appellant,

v.

TULSA COUNTY 14TH JUDICIAL
DISTRICT, sued as: District Court of
Tulsa Co.; TULSA COUNTY PUBLIC
DEFENDER'S OFFICE,

      Respondents-Appellees.

No. 97-5078

(D.C. No. 97-CV-285)
(N.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.[**]

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

Petitioner Rennard Elvis Nelson is an inmate in the Oklahoma State Reformatory. He filed this action in the district court seeking a writ of mandamus under 28 U.S.C. § 1361 to compel state officials to take certain actions concerning his direct state criminal appeal. Construing Petitioner's allegations liberally, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the district court dismissed the petition for want of subject matter jurisdiction. We review de novo, Cauthon v. Nelson, 74 F.3d 1248, 1996 WL 3919 at *1-2 (10th Cir. 1996) (unpublished), and affirm.

Section 1361 grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Section 1361 by its plain language does not provide federal district courts jurisdiction to grant a writ of mandamus against state officials. Cauthon v. Finney, 81 F.3d 172, 1996 WL 145680 at *2 (10th Cir. 1996) (unpublished). Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

2