**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 21 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL THEODORE MEYER,

Petitioner-Appellant,

v.

EUNICE DRELL; LASHLEY DRELL;
WYOMING DEPARTMENT OF
FAMILY SERVICES; ATTORNEY
GENERAL OF THE STATE OF
WYOMING,

Respondents-Appellees.

No. 00-8058
(D.C. No. 00-CV-136-J)
(D. Wyo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **PORFILIO** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Michael Theodore Meyer appeals the district court's denial of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, through which he sought to obtain custody of his natural daughter. Because we lack subject matter jurisdiction over petitioner's claims, we vacate the district court's decision and remand with directions to dismiss for lack of jurisdiction.

Petitioner's daughter, K.D., was first placed in the physical custody of her maternal grandparents in 1992. Following the death of K.D.'s mother in 1995, the Wyoming state court placed her under the guardianship and conservatorship of her maternal grandparents. In March 2000, K.D.'s grandparents filed an adoption petition.

Petitioner then filed a petition for a writ of habeas corpus in the Wyoming state district court, alleging that his daughter was being held illegally and that his parental rights were being violated. The state court denied the petition on June 30, 2000, because it did not show how K.D. was being restrained illegally. Petitioner filed a similar petition with the Wyoming Supreme Court which was denied on July 19, 2000, again because it failed to show how K.D. was being held illegally or without due process of law. Petitioner filed this federal habeas petition on July 20, 2000, seeking custody of his daughter. The district court dismissed the petition for failure to state a claim because it did not allege facts showing an unlawful restraint of K.D.

We review de novo the district court's dismissal for failure to state a claim. Aguilera v. Kirkpatrick, 241 F.3d 1286, 1292 (10th Cir. 2001). We liberally construe a pro se litigant's pleadings to state a valid claim "despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). We have an independent responsibility, however, to ensure that we have jurisdiction over petitioner's claims. See Maier v. United States EPA, 114 F.3d 1032, 1036 (10th Cir. 1997) (holding federal courts have independent duty to examine jurisdiction). We conclude that we lack subject matter jurisdiction over petitioner's claims.

Although petitioner labeled his action as a petition for a writ of habeas corpus, § 2254 does not confer jurisdiction under the circumstances of this case. Petitioner is not "in custody," as required by the habeas statute, § 2254; Maleng v. Cook, 490 U.S. 488, 490 (1989), and "the 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas," Lehman v. Lycoming County Children's Servs. Agency, 458 U.S. 502, 511 (1982). Further, petitioner did not bring the action on his daughter's behalf, alleging instead that his own rights were violated by the state

court custody decisions.[1]  Because "§ 2254 does not confer federal-court jurisdiction" over child custody challenges such as petitioner's, the habeas petition should have been dismissed for lack of subject matter jurisdiction.  Id. at 511-12, 516 (noting that "federal habeas [relief] has never been available to challenge parental rights or child custody," and holding that principles of federalism preclude federal-court challenges to state-court orders affecting parental rights and child custody issues); see also Anderson v. Colorado, 793 F.2d 262, 263 (10th Cir. 1986) (holding § 2254 does not confer jurisdiction on federal courts to review state-court judgments determining parental rights).

Even if the district court had construed petitioner's claim as arising under 42 U.S.C. § 1983, it would have lacked jurisdiction over petitioner's claims. Petitioner alleges that the state-court decisions regarding the custody of K.D., supervised visitation, and petitioner's parental status, violate his constitutional rights.  The same principles of comity that prevent us from entertaining petitioner's habeas petition also preclude review of the state-court decisions under the guise of a civil rights action.  See Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992) (holding federal action alleging constitutional infirmity in state parental-rights proceeding could not be

---

[1]     We note it would be futile for petitioner to amend his complaint in this regard, as a federal-court action on behalf of a minor may only be prosecuted by a legally-appointed guardian or guardian ad litem.  Fed. R. Civ. P. 17(c).

maintained under § 1983); <u>Anderson</u>, 793 F.2d at 263-64 (holding district court lacked subject matter jurisdiction over § 1983 action challenging constitutionality of child-custody decision by state court, and that such issues should have been raised in state-court proceedings).

Federal courts, other than the United States Supreme Court, are without jurisdiction to adjudicate a claim which, in essence, seeks review of a state court judgment by claiming that the state decision violated the loser's federal rights. <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 482, 486 (1983) (holding federal review of state court judgments can only be obtained in the United States Supreme Court, even if the plaintiff challenges the constitutionality of the state court's action); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16 (1923) (same). Because petitioner simply seeks review of the state court's decisions, there is no jurisdiction in this case.

The judgment of the United States District Court for the District of Wyoming is VACATED, and the case is REMANDED with instructions to dismiss for lack of subject matter jurisdiction.

Entered for the Court

John C. Porfilio
Circuit Judge

-5-