**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 11 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL THEODORE MEYER,

Petitioner - Appellant,

v.

EUNICE DRELL; LASHLEY DRELL;
WYOMING DEPARTMENT OF
FAMILY SERVICES; and
WYOMING ATTORNEY GENERAL,

Respondents - Appellees.

No. 02-8049
D.C. No. 02-CV-46-D
(D. Wyoming)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Michael Theodore Meyer appeals the district court's dismissal of his "Petition for a Writ of Certiorari." As Petitioner is proceeding pro se, we construe his claims liberally. See Drake v. City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991). Since a petition for writ of certiorari is improper in the court of appeals, Petitioner's arguments clearly indicate that he is requesting habeas corpus relief.

This is the second action filed by Petitioner concerning the adoption of his natural daughter, K.D., that has reached this court on appeal. In his previous case, we held that the district court lacked jurisdiction to consider the matter. We noted that

> Petitioner alleges that the state-court decisions regarding the custody of K.D., supervised visitation, and petitioner's parental status, violate his constitutional rights. The same principles of comity that prevent us from entertaining petitioner's habeas petition also preclude review of the state-court decisions under the guise of a civil rights action.

Meyer v. Drell, 2001 WL 536881, at *2 (10th Cir. 2001) (unpublished); see also Roman-Nose v. N.M. Dep't of Human Servs., 967 F.2d 435, 437 (10th Cir. 1992). The only federal court with jurisdiction to review a state court judgment for potential violations of federal rights is the United States Supreme Court. See D.C. Ct. of App. v. Feldman, 460 U.S. 462, 476, 482, 486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).

Because Petitioner challenges a final decision of the Wyoming Supreme

Court affirming the final decree of the adoption of his daughter, we agree with the district court that it lacked jurisdiction to consider the case. The appropriate method for seeking relief from the Wyoming Supreme Court's decision is to file a petition for writ of certiorari with the United States Supreme Court.

**AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge