**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BRADFORD S. CRAWFORD,

       Plaintiff - Appellant,

  v.

KELLY WILKER, personally and in her professional capacity as Wyoming Department of Family Services Caseworker; PAUL FRITZLER, personally and in his professional capacity as Wyoming Department of Family Services Caseworker Supervisor; HEATHER BABBIT, personally and in her professional capacity as Wyoming Department of Family Services Caseworker Specialist; JIM PALMER, personally and in his professional capacity as Wyoming Department of Family Services Caseworker Specialist; JAMES DELOZIER, personally and in his professional capacity as Wyoming Department of Family Services County Manager; CHUCK DAVIS, personally and in his professional capacity as Natrona County Sheriff's Department Deputy Sheriff/Investigator; DAN S. WILDE, personally and in his professional capacity as Wyoming Assistant Attorney General; CATHERINE E. WILKING, personally and in her professional

No. 04-8108
(D.C. No. 04-CV-151-B)
(D. Wyo.)

capacity as Natrona County Assistant District Attorney; WENDY S. OWENS, personally,

Defendants - Appellees.

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Bradford S. Crawford appeals the order entered by the district court dismissing his 42 U.S.C. § 1983 civil rights complaint for lack of subject matter jurisdiction. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

"We review the district court's dismissal [under Fed. R. Civ. P. 12(b)(1)] for lack of subject matter jurisdiction de novo." *Radil v. Sanborn W. Camps, Inc.*,

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

384 F.3d 1220, 1224 (10th Cir. 2004). In addition, in reviewing a facial attack on a complaint's allegations as to subject matter jurisdiction, we must accept the allegations in the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). Because plaintiff is proceeding pro se, we also review his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

This is the third civil rights action that plaintiff has filed based on allegations that various employees of several Wyoming state agencies violated his constitutional rights by depriving him of custody of his adopted son, Cody.[1] As found by the district court, "the allegations in Plaintiff's Complaint restate his prior claims relating to the termination of [his] parental rights," R., Vol. I, Doc. 17 at 4, and we agree with the district court that it did not have subject matter jurisdiction over plaintiff's complaint. As we explained when we dismissed plaintiff's prior appeal to this court pursuant to 28 U.S.C. § 1915(e)(2)(B):

> In the Complaint dismissed by the District Court, Appellant sought to attack a state court child custody judgment, which had awarded custody of his son Cody to the Wyoming Department of Family Services, under the guise of a § 1983 claim for violation of his federal constitutional rights. Federal courts do not have subject matter jurisdiction over § 1983 claims that effectively seek appellate review of state court child custody determinations, *see* Roman-Nose v. N.M. Dep't of [] Human Servs., 967 F.2d 435, 437 (10th Cir.

---

[1] The background facts relating to the state-court child custody proceedings and the termination of plaintiff's parental rights are set forth in the opinion of the Wyoming Supreme Court in *BSC v. Natrona County Dep't of Family Servs. (In re Interest of CC)*, 102 P.3d 890 (Wyo. 2004).

1992); <u>Anderson v. Colorado</u>, 793 F.2d 262, 263 (10th Cir. 1986) (citing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923)), and the District Court properly concluded that it lacked subject matter jurisdiction over Appellant's claims seeking such review.

*Crawford v. Wilker*, No. 03-8080, at 2 (10th Cir. Feb. 25, 2004).

We also reject plaintiff's argument that he has stated a federal question for purposes of 28 U.S.C. § 1331 based on his claim that his due process rights were violated by the Wyoming state authorities' delay in notifying him of Cody's mother's voluntary relinquishment of custody in favor of the Department of Family Service. Plaintiff attempted to pursue this same argument in his prior appeal to this court, and we rejected the argument as frivolous, concluding as follows:

> Appellant also mentions for the first time on appeal that the Department of Family Services made no efforts to contact him for six months after Cody's mother relinquished custody. To the extent he seeks to argue that this time-lag constituted a forced separation from his son and an infringement on his rights of familial association, Appellant's argument is frivolous. By his own admission, Appellant was ignorant of his son's whereabouts for more than four years prior to the initiation of this action; the state authorities could not be said to have "separated" the Appellant from a child with whom he already had no meaningful contact. In short, Appellant's complaint about lack of notice fails to state a claim for which relief may be granted.

*Id.* at 3.

Plaintiff has not presented any new facts or legal authority to support his complaint about lack of notice. Accordingly, "[w]hile this claim could be read as logically independent of any challenge to the substantive custody judgment of the

state courts," *id.* at 2, we again conclude that the claim is frivolous, and therefore not within the subject matter jurisdiction of the federal courts. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (stating that federal question jurisdiction does not exist where "'a claim is wholly insubstantial and frivolous'") (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

Finally, plaintiff's claim that the district court judge was biased and deprived him of a fair and impartial hearing is wholly without merit. Our review of the record demonstrates that the judge adjudicated plaintiff's claims in a fair and impartial manner, and plaintiff's lack of success in the district court is attributable to the legal deficiencies in his claims, not a lack of fair process.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge