**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE VEGA,

Plaintiff-Appellant,

v.

R. WILEY, Warden of ADX;
CASSANEADER, Captain, of ADX;
CRAIG, Lt., of ADX; COLLINS,
Officer; DAVIS, Officer; GOFF,
Officer; OFFICER HOLCOMB;
JARBON, Officer, of ADX; B.JETT,
Officer, of ADX; POTTER, Officer of
ADX; MADONNA, Officer, of ADX;
SIDESINGER, Officer of ADX
officers unknown and or unidentified,
employed at ADX,

Defendants-Appellees.

No. 07-1353

District of Colorado

(D.C. No. 07-CV-01356-ZLW-BNB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **McKAY** and **McCONNELL**, Circuit Judges.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. INTRODUCTION

Plaintiff Jose Vega is serving a life sentence at the United States Penitentiary Administrative Maximum Facility (ADX) in Florence, Colorado. In this action against Warden Ron Wiley and others, Mr. Vega alleges that officials at the prison are serving him food tainted with tobacco, pepper spray, and feces; and that he is being illegally exposed to carcinogenic tobacco smoke. In the district court, he filed three motions requesting injunctions and a writ of mandamus preventing prison officials from continuing to taint his food or from retaliating against him, and ordering them to implement procedures for the sanitary handling of his food. The district court denied the motions, and Mr. Vega appealed. After the district court further denied his motion to prosecute this appeal *in forma pauperis*, Mr. Vega expanded the appeal to challenge that determination as well. We affirm.[1]

---

[1] On account of Mr. Vega's *pro se* status, we construe his submissions liberally. *See, e.g.*, *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007); *Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 436–37 (10th Cir. 1992). We cannot, however, bend the substantive law in his favor.

## II. DISCUSSION

### A.  Denial of Injunctions[2]

We review a district court's denial of a preliminary injunction for abuse of discretion, which occurs where the court "commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling."  *Davis v. Mineta*, 302 F.3d 1104, 1110–11 (10th Cir. 2002) (internal citation omitted).  The standard for issuance of a preliminary injunction is well-established:

> To obtain a preliminary injunction, the movant must show:  (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) [that] the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) [that] the injunction, if issued, will not adversely affect the public interest.

*Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007); *accord Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1283 (10th Cir. 1996).  Mandatory injunctions and injunctions that would disturb, rather than preserve the status quo, are "specifically disfavored"; a party seeking such an injunction bears a "heightened burden" to show that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975

---

[2] Appellant also requested a writ of mandamus, which, in light of Fed. R. Civ. P. 81(b), we interpret as a request for an injunction in the nature of mandamus.  *See Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1235, 1236 (10th Cir. 2005).

(10th Cir. 2004) (en banc) (per curiam), *aff'd*, 546 U.S. 418 (2006).  "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal."  *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

Here, the district court denied injunctive relief on the ground that "Mr. Vega fail[ed] to show that he will suffer irreparable injury if no preliminary injunction is entered in this action."  R. doc. 34, at 2.  Because a showing of an irreparable injury is a necessary condition for the issuance of a preliminary injunction, the court held, the absence of this factor required denial.  *Id.*  We agree.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  Therefore, to satisfy this factor of the preliminary injunction test, a movant must establish both that harm will occur, and that, when it does, such harm will be irreparable.  "'[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered.'"  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)).  Assuming *arguendo*

that Mr. Vega has met his burden to show that injury would be irreparable, withal he has not shown that injury is likely to occur at all.

The evidence Mr. Vega has adduced amounts to a verified complaint, several motions attested under penalty of perjury (whose factual portions we might construe as affidavits), two pages of the ADX Florence inmate handbook, a letter from Mr. Vega to defendant Wiley, and a letter from Mr. Vega to then-Attorney General Alberto Gonzales. It was not an abuse of the district court's discretion to hold that this evidence is insufficient to meet Mr. Vega's burden.

Crucially, Mr. Vega's say-so is uncorroborated by independent evidence.[3] And although corroboration is not required as a matter of law, Mr. Vega's credibility in this matter is low. His claims of food tainting include an allegation that prison officials injected chewing-tobacco spittle into a sealed Little Debbie cupcake package, and that his meals were deliberately contaminated with the urine and stool samples of other prisoners. He has also requested to be tested for the ebola virus, to which he believes he has been exposed through his food. Mr. Vega further states, "[S]taff at the place of my confinement had used a general

---

[3] Mr. Vega's appellate brief refers to a *Denver Post* article reporting an outbreak of *e. coli* in a Colorado jail. Although this article is not in the record on appeal, we have nevertheless reviewed it. We are satisfied that an *e. coli* epidemic of unknown provenance in a county jail has no relevance to the likelihood of deliberate food tainting in a federal prison—not least because Mr. Vega has not alleged that he, or any other inmate at ADX Florence, has been infected with *e. coli*. *See* Ann Schrader, *E. Coli Sickens Nearly 70 Inmates at Jeffco Jail*, Denver Post, July 12, 2007, at B4.

anesthesia—while I had been locked in my assigned cell & already asleep, came in my cell with accompanying inmate(s), and violated, supervised, or allowed my bodily integrity to be violated . . . ." R. doc. 20, at 2. In his brief, he adds the claim that prison officials have used "subliminal message(s) . . . for the purpose of producing suicidal ideations" in him. Aplt's Br. 6 n.3.

Occasionally, something stranger than fiction turns out to be the truth. Courts are entitled, however, to require evidence—and the stranger the claim, the more credible the evidence should be to substantiate it, particularly when an extraordinary remedy like a preliminary injunction is sought. Here, Mr. Vega's allegations are facially unlikely. The conceivably possible claims (like tainted food) become less likely the more they are juxtaposed with absurd claims (like suicide-inducing subliminal messages). Given the totality of his allegations, and the complete absence of corroborating evidence for any of them, the district court was right to hold that Mr. Vega had not satisfactorily shown that food tainting—or any other injury—is likely to occur.

Consequently, denial of a preliminary injunction against tainting Mr. Vega's food was proper. Mr. Vega's requests for such relief as injunctions against "misconduct" are too vague to warrant consideration. Finally, his request for a mandatory injunction—a specifically disfavored type of preliminary injunction—to require *inter alia* the implementation of safe food-handling

procedures and the installation of a camera in prison food-preparation areas, was properly denied as unsupported for the reasons described above.

## B.  Denial of *In Forma Pauperis* Application

The district court denied Mr. Vega's motion for leave to proceed *in forma pauperis* on appeal, certifying under 28 U.S.C. § 1915(a)(3) that this appeal was not taken in good faith.  For the reasons discussed in the previous section, Mr. Vega has "not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999), and consequently we affirm.

## III.  CONCLUSION

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.  Mr. Vega's motion for appointment of counsel is **DENIED**.  His motion before this Court for leave to proceed *in forma pauperis* is **DENIED**.  His "Motion Showing Cause Why He Is Unable To [Pay?] Initial Partial Filing Fee," which we have construed as a motion for reconsideration of our September 26, 2007 order, assessing partial payments toward the filing fees for this appeal, is **DENIED**.  Mr. Vega's "Motion Requesting Waiver of Months' Scheduled PLRA Fee" is **DENIED**.  **IT IS ORDERED** that Appellant's custodian shall continue making payments as provided under our September 26, 2007 order, until the entire sum of $455.00 has been paid to the clerk of the district court.

The Office of the United States Attorney for the District of Colorado is directed to serve a copy of this order on appellant's custodian forthwith.

Entered for the Court,

Michael W. McConnell
Circuit Judge
