Carroll OLSON, Petitioner–Appellant,

v.

Gerald W. HART, Judge, Respondent–Appellee.

No. 90–3347.

United States Court of Appeals, Tenth Circuit.

June 3, 1992.

Carroll Olson, pro se.

Before McKAY, Chief Judge, and SEYMOUR and EBEL, Circuit Judges.

EBEL, Circuit Judge.

In this appeal, we address for the second time the allegations of a pro se litigant who requests an "Order of Mandamus" to require a Kansas state judge to permit the appellant to appeal his state criminal conviction.* As we did in our previous Order in this case, we will provide the appellant's allegations as set out in his complaint:

Plaintiff is a resident of Mapleton, Kansas, and was defendant in Bourbon County District Court ... with the Honorable Judge Gerald Hart presiding.

Plaintiff was convicted on the 14th day of February, 1990 of ISSUING A WORTHLESS CHECK....

Sentence was pronounced from the bench on the 16th day of March, 1990, but imposition of the sentence was suspended pending disposition of post-trial motion for new trial. Motion for new trial was denied on the 29th day of March, 1990, and imposition of sentence was announced but execution was suspended pending the submission of a probation plan by Plaintiff.

Plaintiff filed a timely notice of appeal with the Kansas Court of Appeals.

The Court of Appeals ... dismissed the appeal for lack of jurisdiction because an order to show cause was not complied with. The order to show cause included a demand for a Journal Entry of [Sentencing]....

Plaintiff's attorney has attempted to obtain said journal entry, by submitting an entry to the Bourbon County Attorney for signature and approval to be passed on to Judge Hart and has gotten no response from the Bourbon County Attorney or Judge Hart.

On the 19th day of June, 1990, Plaintiff's attorney checked with the Clerk of the Bourbon County Court ... and ... was informed ... that Judge Hart indicated he had signed everything he was going to sign in that case. A Journal Entry of Sentencing was apparently not one of those items signed as there had not been one filed of record.

On the 20th day of June, 1990, Petitioner met with Robert Thomas, Court Services Officer, for a discussion of probation terms and was presented with an Order of Probation signed by Judge Hart.

A verified copy of the Order for Probation was submitted to the Court of Appeals in lieu of the Journal Entry of Sentencing and said substitute was rejected and the appeal was dismissed....

R., Vol. I.

The appellant petitioned the Kansas Supreme Court for a writ of mandamus to force Judge Hart to sign the sentencing journal entry. That court denied the petition without opinion. The appellant then filed an application to proceed in forma pauperis in the United States District Court for the District of Kansas. The district court denied the application, also without opinion. The appellant appealed to this court. Because of the lack of findings below and the lack of an adequate record, we were unable to review the judgment. In an unpublished Order dated February 22, 1991, we therefore remanded the case to the district court "for a statement of the reasons why the district court denied the [appellant's] application to proceed in forma pauperis." [1]

The district court responded to our remand with a Memorandum Order dated March 7, 1991. [2] The court explained:

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

1. We also remanded "for a clarification as to whether the application [for appointment of counsel had] been ruled upon, and what that ruling [was]," and for consideration of the "Motion for Emergency Injunction and Order for Medical Attention" that the appellant had filed

with this court. In its Memorandum Order of March 7, 1991, the district court disposed of both these issues to our satisfaction.

2. In its Memorandum Order, the district court extensively discusses another case, *Olson v. Nelson*, D.Kan. No. 89–1411–K, involving the same appellant. In that case, the appellant sued Paul "Chris" Nelson and others for defamation and violation of the Sherman Act, 15 U.S.C. § 1. Not coincidentally, Nelson is apparently the same individual who brought the bad check

My reason for denying the applications was simply that the basis of his claim—a petition for an order of mandamus of sorts—struck me as a matter clearly within the purview of the State of Kansas. In sum, and without providing a formal opinion, I concluded that this was the kind of matter I should and would abstain from. This remains my reason for denying his right to proceed here. Supp.R.

■ We know of no abstention doctrine that prevents action in this case. *See generally* 17A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure: Jurisdiction 2d* §§ 4241–4255 (1988). Nor does the Anti–Injunction Act, 28 U.S.C. § 2283, apply, because the appellant is not seeking a stay of a state proceeding. As we explain below, we construe the appellant's complaint to allege the deprivation of a constitutional right, a matter from which a federal court generally should not abstain without good reason.[3]

The appellant asked the district court to issue a writ of mandamus to require Judge

Hart to sign the journal entry so that the appellant could appeal his conviction.[4] The district court's sua sponte dismissal of the appellant's petition gave rise to this appeal.

■ Federal courts have no authority to issue a writ of mandamus to a state judge. *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir.1986). However, because we construe pro se complaints liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Herrera v. Harkins*, 949 F.2d 1096, 1097 (10th Cir.1991), our inquiry does not end there. Under the facts alleged by the appellant, one could characterize the complaint as either a request for habeas corpus relief or an action arising under 42 U.S.C. § 1983. Under either characterization, the appellant presents an arguable claim for relief.

■ In regard to habeas corpus relief, the appellant arguably has a claim under 28 U.S.C. § 2254.[5] The appellant alleges that he was sentenced to probation. Probationary status is sufficiently "in custody" pursuant to section 2254 to permit

---

charges of which the appellant was convicted and which gave rise to the instant action.

As the district court relates in its Memorandum Opinion, the court originally dismissed the *Nelson* suit for lack of jurisdiction. This court then reversed because the Sherman Act claim provided federal question jurisdiction. The district court later stayed the action after the appellant declared bankruptcy.

3. Nor would dismissal under 28 U.S.C. § 1915(d) or Fed.R.Civ.P. 12(b)(6) be appropriate. A complaint is only frivolous under section 1915(d) if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). For example, "claims describing fantastic or delusional scenarios" are frivolous on their face. *Id.* at 327–28, 109 S.Ct. at 1832–33. We cannot say that the appellant's claims are "fantastic or delusional." Moreover, as we explain below, the complaint does not lack an arguable legal basis. Therefore, a dismissal under section 1915(d) would be improper.

A district court should not dismiss a claim under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957) (footnote omitted). In the case of a pro se litigant, "if the court can reasonably read the pleadings

to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). As we explain below, we believe that the appellant's complaint presents an arguable claim. Therefore, dismissal under Rule 12(b)(6) is inappropriate.

4. The appellant's "complaint" below was simply a copy of the appellant's "Petition for Order of Mandamus" previously submitted to the Kansas Supreme Court. The appellant merely crossed out the words "In the Supreme Court of the State of Kansas" in the caption heading and wrote in the words "In the United States District Court for the District of Kansas." Supp.R. Thus, the appellant's request for mandamus relief was originally directed to the Kansas Supreme Court.

5. Section 2254 provides, in part:
   [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

habeas relief. *See Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963) (paroled prisoner still in custody for habeas purposes); *Benson v. California,* 328 F.2d 159, 162 (9th Cir.1964) (individual on probation still in custody for habeas purposes). Moreover, even if the probationary period has expired by now, a petition for habeas relief is not moot, so long as the petition was filed during the probationary period and the conviction will have adverse collateral consequences. *See Carafas v. LaVallee,* 391 U.S. 234, 237–40, 88 S.Ct. 1556, 1559–1561, 20 L.Ed.2d 554 (1968). The record on appeal does not reveal whether these conditions were met; thus, on remand, the district court will have to determine whether habeas relief may be available. Although the court obviously cannot discharge the appellant from custody if he is not in custody, the court may grant other relief that it deems equitable. *Id.* at 239, 88 S.Ct. at 1560.

▪ We may also construe a pro se petition for a writ of mandamus as an action for injunctive or declaratory relief under 42 U.S.C. § 1983.[6] *Carter v. Hardy,* 526 F.2d 314, 315 (5th Cir.) (per curiam), *cert. denied,* 429 U.S. 838, 97 S.Ct. 108, 50 L.Ed.2d 105 (1976). The appellee, as a judge, has absolute immunity, and the appellant therefore may not obtain the damages he seeks. *Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). However, injunctive relief against Judge Hart remains available under section 1983. *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1980–81, 80 L.Ed.2d 565 (1984).

▪ Of course, neither habeas relief nor section 1983 injunctive relief is available unless the appellant can show he was deprived of a federal right. At the moment, all we are addressing are allegations. The appellant alleges that Judge Hart refused to sign the journal entry, thereby depriving him of his right to appeal his state conviction. There apparently exists no constitutional right to an appeal of a criminal conviction. *McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 914, 38 L.Ed. 867 (1894). However, if a state does provide an appeal process, and all do, then the procedure used must comport with due process. *Evitts v. Lucey,* 469 U.S. 387, 393, 105 S.Ct. 830, 834, 83 L.Ed.2d 821 (1985). Arbitrary and capricious actions violate due process. *E.g., Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 85, 100 S.Ct. 2035, 2042, 64 L.Ed.2d 741 (1980). In particular, "the constitutional right under the Due Process Clause is simply the right not to be denied an appeal for arbitrary or capricious reasons." *United States ex rel. Payton v. Rundle,* 472 F.2d 36, 40 (3d Cir.1972) (quoting *Griffin v. Illinois,* 351 U.S. 12, 37, 76 S.Ct. 585, 598, 100 L.Ed. 891 (1956) (Harlan, J., dissenting)). If, as the appellant appears to allege, Judge Hart refused to permit the appeal out of spite or annoyance, Judge Hart's actions would appear to be arbitrary and capricious and therefore violative of the appellant's due process rights.

We recognize the frustration felt by the district judge when faced with meritless complaints repeatedly filed by vexatious pro se litigants. Nonetheless, the allegations of the instant complaint are sufficient to avoid dismissal under 28 U.S.C. § 1915(d) or Fed.R.Civ.P. 12(b)(6). Absent compelling reasons, a federal court should not abstain from hearing claims of deprivation of constitutional rights. Accordingly, we VACATE the dismissal and REMAND for further proceedings consistent with this opinion.

---

**6.** Section 1983 provides, in relevant part:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.