977 F.2d 596
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Thomas Richard PARAMO, Petitioner-Appellant,
v.
Robert L. MATTHEW, Warden, Respondent-Appellee.
Thomas Richard PARAMO, Plaintiff-Appellant,
v.
N. Wayne SMITH; L. Debois; John Doe; Mrs. Lacy; J.
Michael Quinlan; Edwin Meese; Richard R. Thornburgh;
Robert L. Matthew; (NFN) Gaunce; (NFN) Mortitusugal; Ron
Simpson; and Leonard Lockwood, Defendants-Appellees.
 Nos. 92-3144, 92-3145.
 United States Court of Appeals, Tenth Circuit.
 Oct. 9, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(e); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Thomas Richard Paramo, a federal prisoner, appeals the denial of his petition for writ of habeas corpus and the dismissal of his Bivens complaint against certain employees of the Bureau of Prisons. The allegations of the two cases are virtually the same, but because the habeas petition was directed to Mr. Paramo's confinement in administrative segregation, which has long since terminated, and sought only his transfer to another institution, which has been effected, that habeas petition is moot; and the appeal in 92-3144 is therefore DISMISSED.[1]
 
 
 3
 The issues presented in Mr. Paramo's brief are rambling, conclusory, and virtually nonspecific. From what we can glean, Mr. Paramo contends that upon his admission to the United States Penitentiary at Leavenworth, he was given an involuntary blood screen to establish whether he was HIV positive. He complains the test was an unconstitutional deprivation of his Fourth Amendment rights and subsequent events following the results of the test have prejudiced him in an unconstitutional way. He further complains he was assaulted and raped by a fellow prisoner, but when he sought protective custody, he was punished by being placed in "solitary confinement" and subjected to loss of good time credits. He asserts he was deprived of due process in the administrative review of his disciplinary cases, and the punishment was contrary to federal regulation. He further contends on appeal the district court improperly granted "summary judgment" without giving him the opportunity for discovery.
 
 
 4
 The record indicates the complaint in this case was filed on January 12, 1989. Judgment was entered on March 23, 1992, dismissing the case for failure to state a claim. In the intervening time, Mr. Paramo filed a motion for an order compelling the production of documents and the attendance of certain persons at any evidentiary hearing scheduled by the court.[2] No further attempts at discovery were made. We find no record support, therefore, for Mr. Paramo's argument that he was denied discovery in the district court.
 
 
 5
 Our review of the district court's dispositional order, coupled with an examination of the record, leads us to the conclusion the dismissal of the Bivens complaint was not erroneous. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). We therefore affirm that judgment on the grounds set forth by the district court with additional observations.
 
 
 6
 The district court held that Mr. Paramo's claim of constitutional wrong resulting from the blood test was obviated by this court's holding in Dunn v. White, 880 F.2d 1188 (10th Cir.1989), cert. denied, 493 U.S. 1059 (1990). Given the facts produced in the record, the court's analysis and conclusion were correct. Mr. Paramo attempts to avoid the applicability of Dunn by arguing the prisoner in that case was a state inmate. The distinction is without difference because the constitutional right involved is identical whether the custodial authority is state or federal. When the custodial authority establishes a valid penological reason for a standard HIV screening for all incoming prisoners, as in this case, no individual has an expectation of privacy that can transcend the need to administer the test. None of the reasons advanced by Mr. Paramo vitiate this rule.
 
 
 7
 Additionally, the district court held Mr. Paramo's segregation following determination of his HIV-positive status did not give rise to a constitutional issue, citing Harris v. Thigpen, 941 F.2d 1495 (11th Cir.1991). Again, the district court's analysis and conclusion were correct. Mr. Paramo's attempt to distinguish Harris on the same grounds as he attempted to distinguish Dunn is equally unavailing. Moreover, any suggestion by Mr. Paramo that he was subjected to additional segregation for any reason other than his refusal to return to the general population is not supported by fact.
 
 
 8
 Finding no merit or record support for any of the remaining arguments presented by Mr. Paramo, and concluding there is no basis in the record to hold the judgment of the district court was erroneous, that judgment is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Unless a person is in confinement or the habeas issues have collateral consequences beyond confinement, habeas corpus is not an available remedy. See Olson v. Hart, 965 F.2d 940 (10th Cir.1992). In this instance, the relief sought by Mr. Paramo was transfer from the United States Penitentiary at Leavenworth to another institution. It affirmatively appears from the record that he is now in a different institution, and the relief he sought to obtain has been granted, albeit not by habeas corpus. Moreover, the issues presented in his habeas petition are the same as those in the remaining case. We do not believe there are any collateral issues to which habeas jurisdiction can append, or that Mr. Paramo has any remaining benefit to be achieved from habeas corpus
 
 
 [2]
 That motion was not ruled upon, but it appears from the record most of the documents requested have, through one source or another, found their way into the file. Nonetheless, contrary to the provisions of Fed.R.Civ.P. 37(b), the motion to compel did not allege that plaintiff requested production of documents under Fed.R.Civ.P. 34 and was refused. We presume, therefore, that a proper demand for production was not made. At best, the motion was premature, and the failure of the trial court to rule on the motion was harmless