9 F.3d 1557
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Arthur M. ARMSTRONG, Petitioner-Appellant,
v.
WYOMING SUPREME COURT, Respondent-Appellee.
 No. 93-8076.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1993.
 
 ORDER AND JUDGMENT[1]
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Petitioner Arthur Armstrong appeals the dismissal of his petition for a writ of mandamus under 28 U.S.C. 1651. He seeks to compel the Wyoming Supreme Court to allow him to pursue a pending state civil appeal in forma pauperis (IFP). The district court dismissed his petition for lack of jurisdiction. We affirm.
 
 
 3
 The only issues on appeal are whether the petition was properly dismissed for lack of jurisdiction, and whether we should treat petitioner's action as one seeking either injunctive or declaratory relief.
 
 
 4
 Following his criminal conviction in 1991, petitioner sued his trial counsel for deceit or collusion in violation of Wyoming law. Appellant's Brief 2; Wyo. Stat. 33-5-114. He apparently was allowed to proceed IFP by the Wyoming state trial court, and the court rendered judgment for the attorney following a bench trial. Petitioner then filed a timely notice of appeal with the Wyoming Supreme Court. Although petitioner claims that the state court granted his motion to proceed on appeal IFP, and references such an order in his complaint in district court, neither his motion nor this order are part of the record. After petitioner claims his IFP motion was granted, the Clerk of the Wyoming Supreme Court informed him that no procedural provisions allow a civil litigant to proceed on appeal IFP. The Clerk instructed him to submit a $75 filing fee if he intended to continue his appeal. Instead, petitioner submitted a brief and letter directly to the chief justice of the Wyoming Supreme Court, arguing that the denial of IFP status on appeal was unconstitutional. The chief justice apparently did not respond to this personal communication. Petitioner then initiated this action in federal court. The district court dismissed the petition for lack of jurisdiction. We review the district court's dismissal for lack of subject matter jurisdiction de novo. Cooper v. American Automobile Ins. Co., 978 F.2d 602, 611 n.7 (10th Cir.1992).
 
 
 5
 Federal courts have discretion to issue "all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. 1651. But "[f]ederal courts have no authority to issue a writ of mandamus to a state judge," Olson v. Hart, 965 F.2d 940, 942 (10th Cir.1992), which is precisely the relief sought in the instant case.
 
 
 6
 In his appellate brief, petitioner concedes that we do not have jurisdiction to issue the writ he requested, but argues that we do have jurisdiction to render declaratory relief, an entirely new contention he raises on appeal. The decision to address arguments and resolve issues presented for the first time on appeal is left to the sound discretion of the courts of appeals, and in this circuit, we "hear issues for the first time on appeal only in the most unusual circumstances." Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993). This is not such a case. The complaint and the sparse and incomplete record before us are insufficient to permit us to consider petitioner's action as anything other than the mandamus action it purports to be.
 
 
 7
 AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 1This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrine of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3.
 
 
 [2]
 Petitioner filed a motion for sanctions under Fed. R.App. P. 31(c) because respondent failed to file a brief. Respondent is not required to file a brief although failure to do so may bar it from presenting oral argument. The petitioner's motion for sanctions is denied