17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffery A. REED, Sr., Petitioner-Appellant,
v.
Col. (NFN)(NMN) HART, Respondent-Appellee.
 No. 93-3154.
 United States Court of Appeals, Tenth Circuit.
 March 1, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Petitioner Jeffery A. Reed, Sr., appeals the district court's denial of his petition for writ of habeas corpus. 28 U.S.C. 2241. We have jurisdiction pursuant to 28 U.S.C. 1291, and we affirm.
 
 
 2
 Petitioner was convicted in military court of rape, 10 U.S.C. 920, and adultery, 10 U.S.C. 934, at Conn barracks, Schweinfurt, West Germany in April 1986. He was sentenced to dishonorable discharge, reduction to the grade of Private E-1, forfeiture of $300 pay per month for twenty years and confinement for twenty years. The presiding military judge dismissed the adultery charge and reduced Petitioner's sentence by one year as one year was the maximum sentence for adultery. See 10 U.S.C. 856. Petitioner appealed his conviction to the Army Court of Military Review ("ACMR"), which affirmed the conviction and sentence. Petitioner then requested review in the United States Court of Military Appeals ("CMA"), raising additional issues to those raised before the ACMR. Because Petitioner raised new issues, the CMA remanded the case to the ACMR, where the issues were considered and the previous findings were affirmed. However, upon reconsideration of Petitioner's sentence, the ACMR reduced the sentence to ten years confinement and a $300 per month pay reduction for only ten years. Petitioner again requested CMA review, which was denied, and requested a new trial, which was denied as untimely. Petitioner then filed a petition for writ of error coram nobis in the ACMR and a request for clemency from the Army Judge Advocate General, which were also denied. Petitioner next filed his habeas petition in district court on October 3, 1990. He was released from prison on June 4, 1992. Because Petitioner filed his habeas petition while still in custody and because his conviction carries collateral consequences, we have jurisdiction over his habeas appeal. See Olson v. Hart, 965 F.2d 940, 942-43 (10th Cir.1992).
 
 
 3
 Petitioner raises ten issues on appeal. Because he failed to raise three of the issues in his habeas motion to the district court, he has waived these issues.[3] United States v. Cook, 997 F.2d 1312, 1316 (10th Cir.1993). This leaves seven issues which are properly before us: (1) the offense of adultery was improperly proffered; (2) the military judge did not act within the bounds of his authority in dismissing the adultery charge after trial, when if multiplicity had been determined on appeal, Petitioner would have received more favorable relief; (3) the government failed to establish a complete chain of custody of the victim's undergarments; (4) the military judge erred in failing to instruct the panel on mistake of fact; (5) the military judge improperly struck a witness's statements from the record; (6) the prosecutor improperly excluded evidence of the victim's past sexual misconduct; and (7) the military judge erred when he failed to abate the proceedings because of improper selection of panel members.[4]
 
 
 4
 A federal district court's habeas review of a military court-martial proceeding is limited. A federal habeas court will not review a petitioner's claim if it was not raised before the military courts. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986). Furthermore, if the military courts fully and fairly considered the claims asserted in a federal habeas petition, the petition should be denied. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808, 811 (10th Cir.1993), cert. denied, 62 U.S.L.W. 3275 (U.S. Jan. 24, 1994). Specifically, we have held that if the issue was raised before the military courts, four conditions must be met before a district court's habeas review of a military decision is appropriate: (1) the asserted error is of substantial constitutional dimension; (2) the issue is one of law rather than fact; (3) there are no military considerations which warrant different treatment of the constitutional claims such that federal district court intervention would be inappropriate; and (4) the military courts failed to give adequate consideration to issues involved or failed to apply the proper legal standards. Lips, 997 F.2d at 811; Dodson v. Zelez, 917 F.2d 1250, 1252-53 (10th Cir. 1990). When an issue has been briefed and argued before the military tribunal, a federal habeas court assumes the military tribunal has given the claim full and fair consideration, even if the military court summarily disposed of the issue. Lips, 997 F.2d at 812 n. 2; Watson, 782 F.2d at 145.
 
 
 5
 The military courts addressed Petitioner's first two issues--that the offense of adultery was improperly proffered and that Petitioner would have received more favorable relief on appeal than the relief given by the military judge. Following the line of military cases which includes United States v. Hickson, 22 M.J. 146, 155 (C.M.A.1986) (it is permissible for the prosecutor to charge and try a defendant for both adultery and rape; however, if the defendant is convicted of both, the adultery conviction must be set aside), the military judge, reacting in the same manner and with the same relief as would an appellate judge, dismissed the adultery conviction and reduced Petitioner's sentence by the maximum sentence for adultery, i.e., one year. See 10 U.S.C. 856 (maximum sentence for adultery is one year). Because we find the military court fully and fairly considered these two claims and applied the proper legal standard, further review is inappropriate.
 
 
 6
 As to the third issue raised by Petitioner--that the government failed to establish a complete chain of custody of the victim's undergarments--this issue is an issue of fact rather than law and is therefore inappropriate for habeas review of a military decision. See Lips, 997 F.2d at 811.
 
 
 7
 Petitioner next alleges that the military judge erred by failing to instruct the court-martial panel on mistake of fact. The record reveals that the general instruction on rape required the court-martial panel to find there was no mistake of fact before they could conclude petitioner was guilty beyond a reasonable doubt. As a result, we see no constitutional error in the judge's failure to instruct separately on mistake of fact. Finding no constitutional deficiency, this issue not appropriate for habeas review. See id.
 
 
 8
 Petitioner's fifth assertion questions the military judge's rulings on evidence admissibility; therefore, it may only be addressed in federal habeas if it rendered the trial so fundamentally unfair as to constitute a denial of the Petitioner's federal constitutional rights. See id.; Tucker v. Makowski, 883 F.2d 877, 881 (10th Cir.1989). We find no constitutional error in the military judge's striking of a witness's statements from the record as the statements were struck pursuant to defense counsel's own motion.
 
 
 9
 The military courts fully and fairly addressed Petitioner's sixth argument--that the prosecutor prevented a witness from testifying to the victim's past sexual misconduct by reading him his rights and implying that he would be prosecuted for his testimony. The ACMR found that the prosecutor did not threaten the witness with a court-martial. The ACMR further found that defense counsel knew of the evidence and sought to admit it, but the military judge properly excluded the evidence, adhering to the evidentiary rule that precludes admission of opinion or reputation evidence of the past sexual behavior of the alleged victim of a nonconsensual sex offense. See Military Rule of Evidence 412(b). We cannot overrule the court's factual finding that there was no prosecutorial misconduct, see Lips, 997 F.2d at 811, and find no constitutional error in the military judge's adherence to Rule 412(b), id.
 
 
 10
 Petitioner's final allegation is that the court-martial panel was improperly selected. Because the military judge addressed this allegation and made a factual finding that there was no exclusion of lower-ranking service members, we cannot review this finding. See id.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 The issues Petitioner has waived by failing to raise them below are: (1) whether the military trial court erred by allowing an exhibit into evidence when it was not the actual weapon used by the victim to defend herself but merely looked like the weapon; (2) whether victim's statement was erroneously admitted into evidence when there were signs she had been coaxed into saying she was raped; and (3) whether government's counsel violated R.C.M. 602 by charging adultery along with rape when Petitioner was never investigated for adultery
 
 
 [4]
 To the extent that Petitioner has not appealed issues which were addressed by the district court, these issues have also been waived. Cook, 997 F.2d at 1316. These issues include: (1)whether Petitioner was properly Mirandized before making incriminating statements; (2) whether Petitioner's rights were violated when errors on the charge sheet were corrected; and (3)whether the government improperly destroyed evidence before Petitioner's appellate proceedings were completed