**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN MICHAEL LADD,

　　　　Petitioner-Appellant,

v.

STATE OF OKLAHOMA,

　　　　Respondent-Appellee.

No. 98-6086
(D.C. No. CIV-97-1847-R)
(W.D. of Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

　　　　After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

* 　　　This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner John Michael Ladd, a prisoner of the State of Oklahoma, appeals from the denial of his petition for writ of mandamus against the State.  We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Petitioner was denied a direct appeal in the state courts because his counsel failed to timely perfect his appeal.  He filed this petition for writ of mandamus, asking the federal district court to order the State to allow him a direct appeal out of time.  Petitioner also argues on appeal that the district court should have construed his petition as an action for injunctive relief against several unspecified individual state judges under 42 U.S.C. § 1983.

A federal court may not issue a writ of mandamus to a state judge.      See Olson v. Hart , 965 F.2d 940, 942 (10th Cir. 1992).  Moreover, petitioner is not pro se and is not entitled to the liberal construction of his pleadings; his argument that his petition should have been construed as an action under § 1983 is therefore to no avail.   Cf. id. (holding pro se inmate's improper petition for writ of mandamus against state judge should be construed as due process claim under § 1983).  Finally, petitioner never made any attempt to amend his petition to state

a claim under § 1983 against any individual state judges.   See Fed. R. Civ.

P. 15(a).

AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge