162 F.3d 1173
 98 CJ C.A.R. 5660
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Michael LADD, Petitioner-Appellant,
v.
STATE of Oklahoma, Respondent-Appellee.
 No. 98-6086.
 United States Court of Appeals, Tenth Circuit.
 Nov. 4, 1998.
 
 1
 BALDOCK, EBEL, and MURPHY, C.J.
 
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 4
 Petitioner John Michael Ladd, a prisoner of the State of Oklahoma, appeals from the denial of his petition for writ of mandamus against the State. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 
 5
 Petitioner was denied a direct appeal in the state courts because his counsel failed to timely perfect his appeal. He filed this petition for writ of mandamus, asking the federal district court to order the State to allow him a direct appeal out of time. Petitioner also argues on appeal that the district court should have construed his petition as an action for injunctive relief against several unspecified individual state judges under 42 U.S.C. § 1983.
 
 
 6
 A federal court may not issue a writ of mandamus to a state judge. See Olson v. Hart, 965 F.2d 940, 942 (10th Cir.1992). Moreover, petitioner is not pro se and is not entitled to the liberal construction of his pleadings; his argument that his petition should have been construed as an action under § 1983 is therefore to no avail. Cf. id. (holding pro se inmate's improper petition for writ of mandamus against state judge should be construed as due process claim under § 1983). Finally, petitioner never made any attempt to amend his petition to state a claim under § 1983 against any individual state judges. See Fed.R.Civ.P. 15(a).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir.R. 36.3