**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GEORGE A. SHAMBLIN,

  Petitioner-Appellant,

v.

CLARK V. OWENS, Judge of
Sedgwick County District Court;
GARY L. WILSON, El Dorado
Correctional Facility,

  Respondents-Appellees.

No. 99-3245
(D.C. No. 99-3077-GTV)
(Kansas)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, Chief Judge, **BALDOCK** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

George A. Shamblin, a state prisoner, brought a pro se petition for a writ of mandamus to compel a state court judge to approve transcripts Mr. Shamblin contends he needs to pursue an appeal of his state conviction. Mr. Shamblin also sought timely rulings on future motions, a copy of his presentence evaluation, and access to his correctional records. The district court dismissed the petition, holding that it had no authority to issue a writ of mandamus to a state judge, a state department of corrections, or a prison warden. Mr. Shamblin appeals, contending that the district court erred by not construing his petition liberally, by holding that it was without jurisdiction, and by denying him relief. We affirm.

We agree with Mr. Shamblin that because we construe pro se complaints liberally, the fact that federal courts have no jurisdiction to issue writs of mandamus to state judges or prison officials is not dispositive. *See Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) (construing pro se petition for writ of mandamus as both habeas petition and civil rights complaint). Accordingly, we characterize the complaint as one arising under 28 U.S.C. § 1983 and asserting denial of access to the courts. Nonetheless, we conclude that dismissal is proper here because Mr. Shamblin has failed to state a constitutional claim for relief.

Mr. Shamblin is currently represented by appointed counsel in the direct appeal of his state conviction. The record reveals assurances from the state court judge that all the necessary transcripts will be provided to that counsel. Although

Mr. Shamblin makes the conclusory statement in his brief on appeal that he needs the material he seeks to assist his attorney in the preparation of a meaningful appeal, he has offered no evidence to support that assertion. Absent any showing that Mr. Shamblin's failure to obtain the transcript and other material he requests has affected his right to pursue a meaningful appeal through appointed counsel, he has failed to state a constitutional deprivation.

Accordingly, the dismissal of Mr. Shamblin's petition is **AFFIRMED**. Judge Baldock concurs in the result.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge