William P. COLLINS, Plaintiff,

v.

State of KANSAS, et al., Defendants.

No. 01–2380–JWL.

United States District Court,
D. Kansas.

Nov. 8, 2001.

William P. Collins, Overland Park, KS, pro se.

M. J. Willoughby, Office of Attorney General, Topeka, KS, for defendants.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

The plaintiff filed this suit against the State of Kansas, Judge Elliott and Judge Russell, alleging that his constitutional rights were violated by the defendants in the course of his child custody case. The plaintiff then filed an amended complaint adding additional defendants and claims. The State of Kansas, Judge Elliott and Judge Russell filed a motion to dismiss (Doc. 6), arguing that the court lacks jurisdiction and that they are immune. The court holds that it has jurisdiction and grants the motion to dismiss because the defendants are immune from suit.

● Subject matter jurisdiction

■ The plaintiff's amended complaint does not specify whether his claim arises under federal law. In his response to the motion to dismiss, the plaintiff clarifies that his claim is for violations of equal protection rights under the Fourteenth Amendment and arises under 42 U.S.C. § 1983. The court construes pro se complaints liberally, *Olson v. Hart,* 965 F.2d 940, 942 (10th Cir.1992), and the facts alleged in the amended complaint can be read to support the plaintiff's interpretation of the complaint as alleging that he was treated differently than others who are similarly situated, in violation of the Fourteenth Amendment. The court has subject matter jurisdiction over a section 1983 claim for violations of the plaintiff's equal protection rights under the Fourteenth Amendment because the claim arises under federal law. 28 U.S.C. § 1331. Because the complaint can be read to support a claim over which the court has jurisdiction, the case should not be dismissed for lack of jurisdiction. *Olson,* 965 F.2d at 942 (recognizing "the frustration felt by the district judge when faced with meritless complaints repeatedly filed by vexatious pro se litigants" but, nonetheless holding that "the allegations of the instant complaint are sufficient to avoid dismissal" because the complaint could be characterized as arising under section 1983). It is not necessary for the court to decide whether the plaintiff states a valid section 1983 claim in order to hold that the court has subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) ("[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover.") (quoting *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946)).

■ The defendants point out that federal district courts lack jurisdiction to review the decisions of a state court and argue that the court does not have jurisdiction in this case. Under the Rooker Feldman doctrine, federal district courts lack jurisdiction to review state court judgments. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Rooker Feldman doctrine bars not only direct review of state court judgments in federal court but also consideration of claims that are "inextricably intertwined" with the state court judgment. *Facio v. Jones,* 929 F.2d 541, 543 (10th Cir.1991). On the other hand, "if the purpose of a federal action is separable

from and collateral to a state court judgment, then the claim is not inextricably intertwined merely because the action necessitates some consideration of the merits of the state court judgment." *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1170 (10th Cir.1998). "The fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Bisbee v. McCarty*, 2001 WL 91411, *2 (10th Cir. Feb.2, 2001) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996)).

■ In this case, the complaint does not seek review of a state court decision but seeks damages for alleged violations of the plaintiff's constitutional rights that occurred during the course of the case. The rulings in the state court custody cases did not cause the alleged violations of the plaintiff's rights; instead, the violations are predicated on independent wrongs allegedly committed by the judges. According to the complaint, these wrongs include "knowing the crime of perjury had been committed" in another case but "not report[ing] it to the proper authorities" as well as assigning the custody case to other judges "in retaliation." [1] While the plaintiff's motive for filing this lawsuit may be that he is unhappy with the outcome of the state court case, he does not ask this court to decide whether the decision in the state court case was unconstitutional or otherwise invalid, but seeks damages for alleged misconduct that occurred during the case. In a case such as this, the court retains jurisdiction. *See Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir.1995) (holding that if the plaintiff claims "that people involved in the decision violated some independent right of his, such as the right (if it is a right) to be judged by a tribunal that is uncontaminated by politics, then he can,

without being blocked by the Rooker Feldman doctrine, sue to vindicate that right and show as part of his claim for damages that the violation caused the decision to be adverse to him and thus did him harm."); *Read v. Klein*, 2001 WL 20818, *4 (10th Cir. Jan 9, 2001) (quoting Judge Posner's *Nesses* decision). Such a case is also distinguishable from Tenth Circuit precedent holding that a lawsuit was "inextricably intertwined" with a state court decision. *Cf. Facio v. Jones*, 929 F.2d 541, 543 (10th Cir.1991) (suit seeking declaration that Utah default judgment rules are unconstitutional was inextricably intertwined with the state court judgment entering default judgment against the plaintiff); *Burr v. Robinson*, 1998 WL 764684, *1 (10th Cir. October 30, 1998) (holding that the plaintiff's challenge to the constitutionality of the statute of limitations is inextricably intertwined with state court decision dismissing his claim because it was not filed within the period of time allowed by the statute of limitations). Because the plaintiff is not seeking review of decisions in the state court case, this court is not without jurisdiction.

The defendants also suggest that the court should abstain from interfering with an ongoing state court proceeding, citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

"Younger abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir.1999). A decision in this case would not interfere with

---

1. Again, the court notes that it need not decide whether this states a valid section 1983 claim in order to hold that the court has jurisdiction.

the state court custody case. This is a suit for damages for independent wrongs and does not go to the substance of the state court decision. The court, therefore, need not abstain.

■ In sum, the court has jurisdiction over the claim because the complaint can be read as stating a section 1983 claim for violations of the plaintiff's equal protection rights. A decision in this case does not implicate decisions in the state court custody case and, therefore, jurisdiction is not barred and this court will not abstain.

● Immunity

■ The State of Kansas argues it is immune under the Eleventh Amendment. As interpreted by the Supreme Court, the Eleventh Amendment prohibits federal suits brought by all persons against unconsenting states. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (citing *Hans v. Louisiana,* 134 U.S. 1, 13–15, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). In this case, there is no indication that the state has consented to the lawsuit or that Congress has abrogated Eleventh Amendment immunity and, therefore, the state is immune and is dismissed from the case. *Russ v. Uppah,* 972 F.2d 300, 303 (10th Cir.1992) ("Congress did not intend to abrogate Eleventh Amendment immunity when it enacted the civil rights statute of 42 U.S.C. § 1983.").

■ Judge Elliott and Judge Russell argue that they are immune from this suit because they are entitled to absolute immunity in the performance of their official duties. The amended complaint alleges that Judge Elliott and Judge Russell committed wrongful acts in their roles as judges assigned to the child custody case filed by the plaintiff in state court. The acts taken by the judges were judicial acts squarely within the bounds of their jurisdiction and the judges, therefore, are immune and dismissed from this lawsuit.

*Stump v. Sparkman,* 435 U.S. 349, 355–56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' "); *Hamilton v. Bartholomew,* 1999 WL 525904 (10th Cir. June 30, 1999) ("Judges who are performing 'a function normally performed by a judge' and 'in their judicial capacity' are not acting in the clear absence of all jurisdiction.").

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 6) is granted and the State of Kansas, Judge Elliott and Judge Russell are dismissed from this case.