**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENET CIRCUIT

---

SONNY LAUREN HARMON, SR.,

Plaintiff - Appellant,

FRANCES EZELLA TIPPITT, Mother
of Sonny Lauren Harmon, Sr., SONNY
LAUREN HARMON, II, Son of Sonny
Lauren Harmon, Sr.; SUNNY DAWN
HARMON, Daughter of Sonny Lauren
Harmon, Sr.; TOMMY LAUREN
HARMON, Son of Sonny Lauren
Harmon, Sr.

Plaintiffs,

v.

LYDIA WILLIAMS, OSBI Agent in
her Official and Individual Capacities;
DAVID CATHEY, OSBI Agent in his
Official and Individual Capacities;
JEFF JARMAN, PVPD Detective in
his Official and Individual Capacities;
SCOTT ROBBINS, PVPD Sergeant in
his Official and Individual Capacities;
JOHN DOES, 1-7 in their Individual
and Official Capacities; KENNETH
HOLDEN, RES CARLTON, JOHNNY
MANN, in their Individual and
Official Capacities as Garvin County
Board of County Commissioners,

Defendants - Appellees.

No. 03-6027
(D. Ct. No. 02-CV-942-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Harmon, a state prisoner proceeding *pro se*, brings this civil rights case on behalf of himself, his mother, and son. Plaintiffs challenge the validity of a search warrant executed at, and the scope of the search of, several properties owned by Harmon in Pauls Valley, Oklahoma, Purcell, Oklahoma, and Elmore City, Oklahoma. Plaintiffs further claim that the seizure of property incident to the challenged search constituted a "taking" without just compensation in violation of the Fourth, Fifth, and Fourteenth Amendments. Finally, plaintiffs claim that damage to doors of some of the residences and building searched constituted a violation of the Fourth, Fifth, and Fourteenth Amendments.

Plaintiffs sought the following relief in the district court: (1) an order

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

requiring defendants to comply with a discovery request filed by plaintiffs in state court and allegedly not yet ruled upon; (2) an order requiring that defendants "not . . . destroy, damage, conceal or remove" items seized during the search; (3) an order requiring the return of certain items seized during the search; and (4) actual damages for repairs to two of the residences allegedly damaged during the search. The district court dismissed plaintiffs' complaint for failure to state a claim upon which relief could be granted and further held that the dismissal counts as a "prior occasion" pursuant to 28 U.S.C. § 1915(g). On appeal, plaintiffs ask us to reverse and remand to the district court with instructions to reinstate this action. Plaintiffs also seek appointment of counsel and move to recuse the district judge.

We have reviewed all of the filings in this case and agree with the district court that the magistrate judge conducted a thorough review of this matter and that plaintiffs have failed to state a claim upon which relief can be granted. The federal courts have no authority to issue a writ of mandamus to a state court, *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992); thus, we cannot order the state court to order defendants to comply with plaintiffs' discovery request in an ongoing state action. Plaintiffs' claims for damages caused by unauthorized conduct during the searches and for return of property seized fail because the

state provides adequate state post-deprivation remedies.[1]  *See, e.g., Hudson v. Palmer*, 468 U.S. 517, 533, 536 (1984) (intentional acts); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981) (negligent acts), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Thus, plaintiffs have failed to allege any unconstitutional action for which relief can be granted in this court.

Having reviewed the filings and record in this case, we agree with the magistrate judge and district court for substantially the reasons set forth by the magistrate judge and expressly adopted by the district court.  The motions for appointment of counsel and recusal of the district judge are moot.  The court orders that the filing fee in this court be paid in partial payments.  Plaintiff is required to meet the partial payment schedule until the entire fee has been paid.  We further agree with the district court that this dismissal counts as a prior occasion pursuant to 28 U.S.C. § 1915(g).  *See Jennings v. Natrona County Detention Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999).

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge

---

[1] *See* 12 Okla. Stat. Ann.  §1571; 51 Okla. Stat. Ann. §§ 151 to 171.