MURPHY, Circuit Judge,
dissenting in part.
To the extent this court reviews the district court’s order denying Hilliard’s *820 Rule 60(b) motion, I dissent. No matter how constructed, the district court lacked jurisdiction over Hilliard’s Rule 60(b) motion.
In his mandamus petition, Hilliard sought relief from two respondents, an Oklahoma state court judge and the District Court of Comanche County, Oklahoma. Federal courts, however, have no jurisdiction to issue a writ of mandamus to a state judge or a state court. Olson v. Hart, 965 F.2d 940, 942 (10th Cir.1992) (citing Van Sickle v. Holloway, 791 F.2d 1431, 1436 n. 5 (10th Cir.1986)).
Because of the nature of the claims raised in Hilliard’s mandamus petition, the district court could have recharacterized it as a § 2254 habeas petition. Olson, 965 F.2d at 942. Hilliard would not have been prejudiced by such a recharacterization because he has already filed both an initial § 2254 petition and a request for authorization to file a second or successive habeas petition. Hilliard v. Ray, No. 01-6165 (10th Cir., June 6, 2001) (order); Hilliard v. Kaiser, No 97-6163, 1997 WL 758861 (10th Cir. Dec. 09, 1997) (unpublished disposition). Thus, the mandamus petition, so construed, is Hilliard’s second attempt to file a second or successive § 2254 habeas petition. Successive habeas petitions cannot be filed in district court until the petitioner “move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application.” 28 U.S.C. § 2244(b)(3)(A). Hilliard did not request such authorization. Therefore, to the extent Hilliard’s mandamus petition should have been recharacterized as a second or successive § 2254 habeas petition, the district court lacked jurisdiction to consider it.
In his Rule 60(b) motion, Hilliard requested the same relief as he sought in his mandamus petition. For the same reasons the district court lacked jurisdiction over Hilliard’s mandamus petition, it also lacked jurisdiction over his Rule 60(b) motion. Accordingly, that motion should have been dismissed. I would vacate the district court’s order denying Hilliard’s Rule 60(b) motion and dismiss Hilliard’s appeal from the district court’s denial of that motion.