**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID L. HILLIARD,

      Plaintiff - Appellant,

v.

DISTRICT COURT OF COMANCHE
COUNTY and JUDGE ALLEN
McCALL,

      Defendants - Appellees.

No. 03-6343
(D.C. No. CIV-03-651-L)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY** and **McCONNELL**, Circuit Judges.

David L. Hilliard ("Petitioner"), a pro se prisoner, appeals the district

court's denial of his "Petition for Writ of Mandamus" against state officials, as

well as the denial of his "Motion for Rehearing," which the court recharacterized

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

as a motion for reconsideration under Rule 60(b).[1]  As described below, we lack jurisdiction over Petitioner's appeal of the initial order denying mandamus because his notice of appeal was untimely filed.  However, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 over Petitioner's appeal of the court's denial of Rule 60(b) reconsideration and AFFIRM.

## BACKGROUND[2]

Petitioner was convicted in state court of conspiracy to commit robbery, robbery with a dangerous weapon, larceny of a motor vehicle, and assault and battery with the intent to kill.  On appeal, the Oklahoma Court of Criminal Appeals overturned the conviction for assault and battery with intent to kill, but upheld the convictions on the remaining charges.  Hilliard v. State of Oklahoma, Case No. F-92-1107 (Okla. Crim. App., Mar. 9, 1995).

Petitioner then unsuccessfully pursued post-conviction relief in state court. State of Oklahoma v. Hilliard, Case No. CRF-92-19 (Comanche Co. Dist. Ct., Feb. 22, 1996); Hilliard v. State of Oklahoma, Case No. PC-96-283 (Okla. Crim.

---

[1] Petitioner's Notice of Appeal simply states that he is appealing "the adverse ruling entered in the above case number pertaining to Petitioners' Writ of Mandamus."  Construing this language liberally in favor of this pro se petitioner, we conclude that Petitioner appeals both the order denying mandamus and the order denying reconsideration under Rule 60(b).

[2] The relevant facts are not disputed for purposes of this appeal and are taken from the Magistrate's Report and Recommendation.

App., July 23, 1996); <u>Hilliard v. State of Oklahoma</u>, Case No. 98-953 (Okla. Crim. App., Sept. 9, 1998); <u>Hilliard v. Comanche County</u>, Case No. MA-99-1166 (Okla. Crim. App., Oct. 29, 1999).

Petitioner also filed two § 2254 habeas petitions in the Western District of Oklahoma. The first was denied on grounds of prematurity because Petitioner was awaiting a decision on direct appeal in the state courts. <u>Hilliard v. Cody</u>, Case No. CIV-92-2313-L (W.D. Okla., Dec. 4, 1992). The second habeas petition was denied due to procedural default. <u>Hilliard v. Kaiser</u>, Case No. CIV-96-1779-L (W.D. Okla., Jan. 16, 1997), appeal dismissed, <u>Hilliard v. Kaiser</u>, Case No. 97-6163 (10th Cir., Dec. 9, 1997). Petitioner then requested authorization in the Tenth Circuit for the filing of a second or successive habeas petition, which was denied. <u>Hilliard v. Ray</u>, Case No. 01-6165 (10th Cir., June 6, 2001).

Before initiation of the current proceeding, Petitioner filed a petition for writ of mandamus in federal court, requesting a free copy of his state court record. The district court dismissed the claim based on a lack of authority to order production of documents or review state court decisions. <u>Hilliard v. Comanche County</u>, Case No. CIV-99-408-A (W.D. Okla., Sept. 8, 1999).

The instant action involves Petitioner's second petition for writ of mandamus filed in the Western District of Oklahoma. In this petition, Petitioner made three claims: (1) that the state courts were incorrect in their procedural

rulings; (2) that his conviction for larceny of an automobile was duplicative of his conviction for robbery in the first degree; and (3) that his constitutional rights were violated by the state courts' denial of a free transcript.  He sought reversal of all of the federal decisions on his habeas petitions and an order for the state court to send him a copy of the record.

In denying this petition, the district court adopted the magistrate's report and recommendation, concluding that a federal writ of mandamus is unavailable against state actors and that federal district courts cannot undertake appellate review of state court decisions or federal habeas rulings.  The magistrate had also declined to sua sponte recharacterize the petition for mandamus as a habeas petition under 28 U.S.C. § 2254 because it could disadvantage Petitioner in successive petitions or in his ability to appeal without a certificate of appealability.

Petitioner filed a "Motion for Rehearing," which the district court properly recharacterized as a motion for reconsideration under Rule 60(b) since it had been filed more than 10 days after the judgment was entered.  See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1992).  The district court denied Petitioner's motion because "a party may not use a motion for reconsideration as a second opportunity to present its strongest case," and Petitioner had failed to "demonstrate a compelling reason for the court to reconsider or modify its ruling

that this action should be dismissed for failure to state a claim upon which relief can be granted." (Dec. 4 Ord. at 2.) Petitioner now appeals this denial of reconsideration and we AFFIRM.

## DISCUSSION

### A. Appeal from Order Dismissing Petitioner's Action

Although the district court entered its order dismissing the petition for writ of mandamus on October 31, 2003, Petitioner did not file his notice of appeal until December 15, 2003. This filing was well outside the 30-day time period under Rule 4(a)(1)(A), and was thus untimely. Petitioner's request for reconsideration, filed on November 25, 2003, did not toll the time to file his appeal from the judgment because it was not filed within 10 business days of the original judgment's entry (October 31, 2003). See Fed. R. App. P. 4(a)(4)(A); Trotter v. Regents of the Univ. of N.M., 219 F.3d 1179, 1183 (10th Cir. 2000).

Because the time limits under Rule 4 are mandatory and jurisdictional, we are without jurisdiction to review the district court's decision on the merits in its October 31 order dismissing the action for failure to state a claim. See Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203 (1988); see also Smith v. Barry, 502 U.S. 244, 245 (1992) (stating that appellate jurisdiction is "condition[ed] . . . on the filing of a timely notice of appeal"). Accordingly, we dismiss for lack of

jurisdiction Petitioner's appeal of the district court's order dismissing the action, and note that nothing in this opinion should be construed as passing on the merits of this underlying judgment. We turn now to Petitioner's appeal of the district court's order denying reconsideration of its dismissal pursuant to Rule 60(b).

**B.      Appeal from Order Denying Rule 60(b) Reconsideration**

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. The Servants of the Paraclete v. Does I-XVI, 204 F.3d 1005, 1009 (10th Cir. 2000); White v. American Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990). A district court would "necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." FDIC v. United Pacific Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quotation omitted). Although a district court has "substantial discretion" to grant relief under Rule 60(b), such relief "is extraordinary and may only be granted in exceptional circumstances." Id. A litigant "shows exceptional circumstances by

satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[3] Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1992).

However, Rule 60(b) is "not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." United Pacific Ins. Co., 152 F.3d at 1272 (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). A district court does not abuse its discretion in denying a motion to reconsider where the petitioner simply "revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." Van Skiver, 952 F.2d at

---

[3]Rule 60(b) provides in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

1243.  This is because a Rule 60(b) motion is "not intended to be a substitute for a direct appeal."  Servants, 204 F.3d at 1009.

In the instant case, Petitioner merely rehashed the same arguments in his motion for reconsideration as he had put forward in his petition for mandamus, claiming that the district court erred in refusing to issue a mandamus against state officials or to overturn federal court decisions denying habeas.  Like the plaintiff in Van Skiver, Petitioner's simply "reiterated the original issues raised in [the] complaint and sought to challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [his] position."  See Van Skiver, 952 F.2d at 1244.  He did not alert the court to a change in the law or facts, present a compelling argument regarding "facially obvious" legal error apparent from the record, see id., or persuade the court that manifest injustice had occurred.  Nor does he make any such argument on appeal now, but instead opts for reiterating the merits arguments he made below.  Petitioner has simply failed to demonstrate that "exceptional circumstances" warranted the court's discretionary granting of any relief under Rule 60(b).  See id. at 1243.

Because Petitioner has "failed to show that the district judge made a definite, clear, or unmistakable error in denying the Rule 60(b) motion," we decline to find that the district court abused its discretion.  See Yapp v. Excel

Corp., 186 F.3d 1222, 1232 (10th Cir. 1999).  We thus AFFIRM the district court's order.

## CONCLUSION

For the foregoing reasons, we DISMISS for lack of jurisdiction Petitioner's appeal from the district court's order dismissing his petition for mandamus, and AFFIRM the court's order denying reconsideration under Rule 60(b).


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

No. 03-6343, *Hilliard v. District Court of Comanche County*

**Murphy**, Circuit Judge, dissenting in part


To the extent this court reviews the district court's order denying Hilliard's Rule 60(b) motion, I dissent. No matter how constructed, the district court lacked jurisdiction over Hilliard's Rule 60(b) motion.

In his mandamus petition, Hilliard sought relief from two respondents, an Oklahoma state court judge and the District Court of Comanche County, Oklahoma. Federal courts, however, have no jurisdiction to issue a writ of mandamus to a state judge or a state court. *Olson v. Hart*, 965 F.2d 940, 942 (10th Cir. 1992) (citing *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986)).

Because of the nature of the claims raised in Hilliard's mandamus petition, the district court could have recharacterized it as a § 2254 habeas petition. *Olson*, 965 F.2d at 942. Hilliard would not have been prejudiced by such a recharacterization because he has already filed both an initial § 2254 petition and a request for authorization to file a second or successive habeas petition. *Hilliard v. Ray*, No. 01-6165 (10th Cir., June 6, 2001) (order); *Hilliard v. Kaiser*, No 97-6163, 1997 WL 758861 (10th Cir. Dec. 9, 1997) (unpublished disposition). Thus, the mandamus petition, so construed, is Hilliard's second attempt to file a second or successive § 2254 habeas petition. Successive habeas petitions cannot be filed

in district court until the petitioner "move[s] in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Hilliard did not request such authorization. Therefore, to the extent Hilliard's mandamus petition should have been recharacterized as a second or successive § 2254 habeas petition, the district court lacked jurisdiction to consider it.

In his Rule 60(b) motion, Hilliard requested the same relief as he sought in his mandamus petition. For the same reasons the district court lacked jurisdiction over Hilliard's mandamus petition, it also lacked jurisdiction over his Rule 60(b) motion. Accordingly, that motion should have been dismissed. I would vacate the district court's order denying Hilliard's Rule 60(b) motion and dismiss Hilliard's appeal from the district court's denial of that motion.